FILED
 2007 Jun-11  AM 09:41
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| AKBAR POONAWALA, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No. 4:06-CV-1990-RDP |
| | } |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA , et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

The court has before it the following motions filed by Plaintiff, and the parties' briefs addressing the same: (1) the Motion to Compel (Doc. # 31) filed on February 19, 2007;[1] (2) the Second Motion to Compel (Doc. # 42) filed on May 29, 2007; and the (3) Motion for Summary Judgment (Doc. # 44) filed on June 5, 2007.  As outlined below, the court has determined that Plaintiff's motions to compel are due to be granted in part.

In addition, Plaintiff has informed the court that the discovery sought by his motions to compel may be essential evidence to his recently filed motion for summary judgment. (*See* Doc. # 44).  Accordingly, in order to allow Plaintiff time to consider the evidence that is the subject of the motion to compel, and to determine whether he should revise his summary judgment submissions

---

[1]Although the court administratively terminated the motion to compel and ordered counsel to attempt to resolve their discovery differences before seeking further court involvement (Doc. # 34), Plaintiff now has requested that the court resolve two of the remaining disputes that the parties were unable to resolve by Agreement.  (*See* Doc. # 37).  Accordingly, the court will consider the motion to be "re-activated."

to argue that evidence, the court will administratively terminate Plaintiff's motion for summary judgment.[2]

## I.      Procedural History

Before the court delves into its analysis of Plaintiff's motions to compel, a short procedural history is instructive to outline the parameters of the parties' discovery disputes.

On October 3, 2006, Plaintiff filed a complaint in this court alleging state law claims for breach of contract and bad faith denial of benefits against Defendants AIG and NUFIC (Counts I and II) and fraud against Defendants NUFIC and BOA (Count III).[3]  Defendants then moved for dismissal of all counts as to AIG and Counts I and II as to NUFIC.  (Doc. # 8).[4]  By orders dated November 20, 2006 and December 11, 2006, the court dismissed all claims against AIG but denied Defendant NUFIC's motion to dismiss Counts I and II.  (Docs. # 13, 14, 19).[5]  Thereafter, Plaintiff

---

[2]The court notes, however, that Plaintiff need not refile his entire summary judgment submission after he has had a chance to consider the above-referenced evidence. Rather, Plaintiff need only: (1) inform the court that he wants to re-activate his previously filed summary judgment motion, (2) submit any *new* evidence to be considered in support of that motion, and (3) file a revised summary judgment brief *if* he makes changes thereto.

[3]Although Plaintiff alleges that his benefits were improperly denied, this is not an ERISA case. (Doc. # 11, at 8).

[4]Defendants' motion did not seek dismissal of Count III against NUFIC. (Doc. # 8).

[5]Although the court's November 20, 2006 initial ruling on Defendants' motions to dismiss found that Counts I and II were due to be dismissed against NUFIC (Docs. # 13, 14), thereafter Plaintiff amended his complaint allegations against NUFIC and filed a Motion to Reconsider the court's dismissal of Counts I and II which raised new arguments that were not articulated in opposition to Defendants' motion to dismiss. (Docs. # 16, 17). Specifically, Plaintiff challenged the court's finding that the insurance policy at issue in this case was a blanket policy that was not required to be delivered to Plaintiff prior to his disability. (Doc. # 17, at 1-3, citing Doc. # 13, at 7-8).  The new arguments raised by Plaintiff in his motion to reconsider, in conjunction with the amended complaint allegations, made it apparent to the court that the validity of Plaintiff's breach of contract and bad faith claims against NUFIC was not an issue that could be resolved appropriately on a motion to dismiss, and therefore the court vacated its prior dismissal of Counts I and II against NUFIC. (Doc. # 19).

twice amended his complaint to reflect the court's rulings, articulate his contentions with more specificity, and include additional damages information. (Docs. # 23, 24, 27, 29).

On February 16, 2007, remaining Defendants NUFIC and BOA filed a Motion to Stay Discovery arguing that discovery as to Plaintiff's bad faith claims should be stayed until resolution of Plaintiff's breach of contract claims because, under Alabama law, Plaintiff cannot prevail on any bad faith claim without a determination that the insurance contract was breached. (Doc. # 30). In response, Plaintiff opted not to oppose Defendants' proposed stay and instead stated his intention to "soon file a Motion for Summary Judgment on [the issues of whether Plaintiff is entitled to benefits and what definition of "total disability" is applicable that] will determine the availability and appropriateness of the other claims." (Doc. 32). Thereafter, on February 19, 2007, Plaintiff filed a motion to compel certain discovery from Defendants. (Doc. # 31).

Based upon the agreement of the parties, the court stayed discovery on Plaintiff's fraud claims pending the filing of, and the court's subsequent ruling on, dispositive motions regarding benefits. (Doc. # 34).[6] Because the parties had significantly narrowed the scope of the discovery dispute as to the other claims at issue in the case, the court believed that the remaining discovery issues could be resolved in whole or in part by agreement of counsel.

In fact, the parties were able to resolve some of the discovery disputes, but they have asked the court's assistance in determining whether Defendants must: (1) produce the claims file (including a log of items withheld from claims file due to privilege); (2) produce all policies and procedures

---

[6]True to his word, Plaintiff filed a motion for summary judgment on February 27, 2007. (Doc. # 35). However, because Plaintiff's motion was filed before the parties had resolved the outstanding discovery issues, the court granted Defendants' Rule 56(f) request for additional time to conduct discovery and denied Plaintiff's motion for summary judgment without prejudice to refiling.

governing Defendants' decision to allow or deny benefits; and (3) respond to Plaintiff's interrogatories regarding the word "Plus" in the Policy.[7]

## II. Substantive Analysis

The test for discoverability under the Federal Rules of Civil Procedure is whether the information sought is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Because discovery as to Plaintiff's bad faith claims has been stayed until resolution of the breach of contract claims, this court must determine whether the discovery sought is reasonably calculated to lead to the discovery of admissible evidence with respect to only the breach of contract claims. Although, at this stage of the litigation, Plaintiff's contract claims have not been fully briefed and argued by the parties, the rough parameters were defined by the parties in their filings regarding the motion to dismiss.

Under Alabama law, the elements of a breach of contract claim are: (1) the existence of a valid contract binding the parties in the action; (2) Plaintiff's own performance under the contract; (3) defendant's non-performance; and (4) damages. Alabama law does not permit parol evidence to aid in the construction of an unambiguous insurance policy. In this case, Plaintiff does not dispute that he has failed to perform under the Policy because he does not meet the Policy definition of total disability which requires "a loss of both hands or feet; or loss of one hand and one foot; loss of sight in both eyes; Hemiplegia; Paraplegia; or Quadriplegia." Instead, Plaintiff has asked this court to disregard the Policy's "overly strict and unconscionable" definition of total disability, to find that NUFIC is estopped from relying on the Policy's definition of disability because it failed to deliver

---

[7]Although Plaintiff's second motion to compel also requests notes from, and a log of, telephone conversations with Plaintiff (Doc. # 42), Defendants represent to the court that they have now produced all of that requested information. (Doc. # 43, at 2).

a copy of the Policy to Plaintiff prior to his disability, and to find that Defendants are precluded from denying benefits because they failed to have the Policy approved by the Alabama Insurance Commissioner. (Docs. # 11, 44). Although NUFIC has not had a chance to adequately respond to all of Plaintiff's arguments, it has raised questions about whether the Policy is a blanket policy exempt from the general delivery rule and whether the Policy is generally exempt from the Alabama Code requirements because it was issued in Delaware. (Docs. # 12, 18).

Although Defendants assert that the information sought by Plaintiff in his motions to compel relates only to the bad faith claims that have been stayed (*see* Doc. # 43), the court cannot reach that conclusion at this time. Under the broad standard for discoverability, the court finds that the information sought - the claims file, the policies and procedures relevant to claims decisions, and the meaning of the word "Plus" - are reasonably calculated to lead to the discovery of admissible evidence regarding at least some of the issues outlined above which have been raised by the parties with respect to Plaintiff's breach of contract claims. Accordingly, the court finds that Defendants should be compelled to produce the documents requested and, to the extent that the word "Plus" has a meaning that can be explained, should be compelled to respond substantively to Plaintiff's interrogatories regarding the Defendants' position(s) about the meaning of that word.

### III. Conclusion

Because the court has determined that Defendants should be compelled to produce the documents and responses outlined above, Plaintiff's motions to compel will be granted in part. A separate order will be entered.

**DONE** and **ORDERED** this ___8th___ day of June, 2007.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE